IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

CHARLES D. HEMINGWAY

          Plaintiff,

v.                                         Civil Action No.
                                           5:15-CV-564 (DEP)

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

          Defendant.

---

APPEARANCES:                         OF COUNSEL:

FOR PLAINTIFF

OLINSKY LAW GROUP             HOWARD D. OLINSKY, ESQ.
300 State Street                      EDWARD A. WICKLUND, ESQ.
Suite 420
Syracuse, New York 13202

FOR DEFENDANT

HON. RICHARD S. HARTUNIAN     SUSAN J. REISS, ESQ.
United States Attorney for the      Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the Commissioner, pursuant to 42 U.S.C. §§ 405(g) and 1383(c), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on June 30, 2016, during a telephone conference held on the record. At the close of argument I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Plaintiff's motion for judgment on the pleadings is GRANTED.

2) The Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Social Security Act, is VACATED.

3) The matter is hereby REMANDED to the Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4) The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: July 7, 2016
        Syracuse, NY

```
                    UNITED STATES  DISTRICT COURT
                    NORTHERN DISTRICT OF NEW YORK
                    ------------------------------------------------------x
                    CHARLES D. HEMINGWAY,


                    vs.                                          15-CV-564

                    CAROLYN W. COLVIN, Acting Commissioner of Social Security.
                    ------------------------------------------------------x

                            Transcript of DECISION held on June 30, 2016,

                    at the James Hanley U.S. Courthouse, 100 South Clinton Street,

                    Syracuse, New York, the HONORABLE DAVID E. PEEBLES, Presiding.



                                        A P P E A R A N C E S

                    For Plaintiff:      OLINSKY LAW GROUP
                    (Via Telephone)     300 State Street
                                        Suite 420
                                        Syracuse, New York 13202
                                          BY:  EDWARD A. WICKLUND, ESQ.

                    For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    (Via Telephone)     Office of Regional General Counsel
                                        Region II
                                        26 Federal Plaza - Room 3904
                                        New York, New York 10278
                                          BY:  SUSAN J. REISS, ESQ.
```

1    (In chambers, via telephone:)
2    THE COURT: So, I have a request for judicial
3 review under Sections 405(g) and 1383(c) of Title 42, United
4 States Code.
5    The background briefly is as follows.
6    The plaintiff was born in December of 1969. Is
7 currently 46 years old. He was 42 at the alleged onset of
8 his disability.
9    He has an IEP or Individualized Educational Program
10 diploma from high school. He attended special education
11 classes including at BOCES.
12    He lives in Syracuse in an apartment nearby his
13 mother. He drives, although somewhat limited.
14    He is not currently treating with a psychiatrist
15 but he, clearly, has some mental impairments. IQ testing
16 showed a verbal IQ at various times between 65 and 68 and
17 full scale IQ scores of 71 to 76. At 18, it was noted in
18 educational records that he, mentally, he was the equivalent
19 of a 10-year-old.
20    Dr. Jeanne Shapiro, consultative examiner, placed
21 the plaintiff in the borderline intellectual functioning
22 range. That's at 339. It appears fairly clear that
23 plaintiff needs considerable help from his mother and
24 stepfather on a daily basis.
25    He works as a dishwasher at Uno Chicago Grill in

1    Destiny U.S.A. in Syracuse where he has been a dishwasher
2    since 2004.  Prior to that time, he lived with his
3    grandmother who died.  The plaintiff works primarily the 5
4    o'clock to 12:30 shift, 5 p.m. to 12:30 a.m.  His hours,
5    though, have been on the decline.  That's at 264 and 326 of
6    the administrative transcript.
7            Procedurally, plaintiff applied for Title II and
8    Title XVI benefits on November 5, 2012, alleging an onset
9    date of January 2, 2012.
10           A hearing was conducted by Administrative Law Judge
11   Jennifer Gale Smith on May 1, 2014.  The ALJ issued a
12   decision on June 9, 2014, finding that, at Step 1, that
13   plaintiff had engaged in substantial gainful activity and,
14   therefore, did not proceed through to the balance of the
15   5-step sequential test for determining disability; but,
16   instead, concluded that plaintiff did not qualify for
17   benefits.
18           The Social Security Administration Appeals Council
19   denied review on February 27, 2015; thereby, making the
20   determination of the ALJ a final decision of the
21   Commissioner.
22           Obviously, my task is limited and my role is to
23   determine whether correct legal principles were applied and
24   whether the determination is supported by substantial
25   evidence.

1     The first step in the test is, obviously, to
2    determine whether the plaintiff engaged in substantial
3    gainful activity, which is defined as work that is
4    substantial and gainful.
5          The primary consideration, of course, is on work
6    earnings and, if they are above the established threshold,
7    then a rebuttal presumption exists that the plaintiff is not
8    under a disability.
9          The Guidelines and the regulations, including 20
10   CFR Section 404.1574, provide indication of how and
11   evaluating substantial gainful activity and those regulations
12   provide, in pertinent part: We will first determine whether
13   the person received a subsidy; that is, we will determine
14   whether the person was being paid more than the reasonable
15   value of the actual services performed. We will then
16   subtract the value of the subsidy from the person's gross
17   earnings to determine the earnings we will use to determine
18   if he or she has done substantial gainful activity.
19         The Social Security Ruling 83-33 provides
20   considerable guidance. When addressing subsidies, it states
21   an employer may, because of a benevolent attitude toward a
22   handicap individual, subsidize the employee's earnings by
23   paying more in wages than the reasonable value of the actual
24   services performed. When this occurs, the excess will be
25   regarded as a subsidy, rather than earnings.

1     In most instances, the amount of the subsidy can be
2 ascertained by comparing the time, energy, skills, and
3 responsibility involved in the individual's services with the
4 same elements involved in the performance of the same or
5 similar work by unimpaired individuals in the community and
6 estimating the proportionate value of the individual's
7 services according to the prevailing pay scale for such work.
8     In this case, the ALJ, admittedly, cites and
9 heavily relies on the statement at 299 of the administrative
10 transcript that talks about the shifts going to those who
11 work the hardest and complete tasks fully.
12     But the ALJ ignores the work activity
13 questionnaire, which very clearly demonstrates that plaintiff
14 works at a lower production standard and lower quality
15 standards than comparable employees.
16     And in response to the question: On average, does
17 the employee complete his/her work in the same amount of time
18 as the employees of similar positions? The answer is no.
19     On Page 308, the question is asked: Are you paying
20 the employee more per hour than you would another employee in
21 a similar position? The answer is no.
22     So, there is some equivocation, but at 308 it
23 indicates that the plaintiff is working at 70 percent of
24 other employees' productivity.
25     So, this case is extremely similar to one cited

1    by the plaintiff that I found to be very persuasive,
2    *Horsewood v. Astrue.* It is from the district of Idaho. It
3    is unreported but it is found at 2012 WL 3583344. It is from
4    August 2012. Very similar factual circumstance where the
5    plaintiff was allowed to perform at a lower standard of
6    productivity or efficiency than other employees.
7            And, so, based on that -- and in that case, the
8    plaintiff worked at Target. He was given frequent breaks and
9    reduced hours and worked at 75 percent of the capacity of
10   other employees. The Court found that it was error not to
11   consider the subsidy. I also distinguish mala testa because
12   the evidence in that case clearly shows that the plaintiff
13   was expected to perform at the same level as other employees.
14           So, in my view, there was a subsidy, by the
15   employer, the benevolent employer, based on plaintiff's
16   disability and mental impairment. A 30 percent discount to
17   account for that subsidy should have been recognized by the
18   administrative law judge and, if it had been, then he would
19   fall below the rebuttable presumption threshold for
20   substantial gainful activity.
21           So, I will award judgment on the pleadings to the
22   plaintiff. I find that the determination of the agency is
23   not supported by substantial evidence. And I will remand the
24   matter for further proceedings.
25           Appreciate excellent presentations, as I said at

1 the outset.  I hope you both have a good summer.
2             MR. WICKLUND:  Thank you, your Honor.
3             MS. REISS:  You too.
4             (Proceedings adjourned, 3:15 p.m.)
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

C E R T I F I C A T I O N

        I, DIANE S. MARTENS, Registered Professional Reporter, DO HEREBY CERTIFY that I attended the foregoing proceedings, took stenographic notes of the same, that the foregoing is a true and correct copy of same and the whole thereof.

_____
DIANE S. MARTENS, FCRR